IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**,
Plaintiff,

v.

**[1] WILLIAM KERY**,
Defendant.

**CRIMINAL NO. 25-029 (PAD)**

## UNITED STATES' SENTENCING MEMORANDUM

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorney, and very respectfully states as follows:

On April 29, 2025, defendant [1] William Kery ("defendant") intends to plead guilty to Count One of the Indictment charging violation of 18 U.S.C § 2237, Failure to Heave. The defendant's sentencing and final revocation hearing is scheduled for the same date.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about January 13, 2025, at approximately 4:00 a.m., the United States Coast Guard Cutter (USCGC) Joseph Tezanos was diverted to intercept a suspected smuggling vessel located approximately 22 nautical miles from Puerto Rico. At approximately 05:00 a.m., USCGC Paul Clark arrived on scene and launched a small boat to intercept the vessel.

Upon intercepting the vessel, U.S. Coast Guard personnel observed approximately 40 persons onboard a 25-foot blue yola with two outboard engines, and no indicia of nationality. For safety of life at sea, U.S. Coast Guard personnel begin transferring persons onboard the vessel to USCGC Joseph Tezanos. Upon transferring 24 persons to USCGC Joseph Tezanos, U.S. Coast Guard personnel observed persons onboard had restarted its engines and the vessel began heading northeast towards Puerto Rico, with 17 persons still remaining on board.

U.S. Coast Guard personnel began pursuit and observed the operators of the vessel, including the defendant. U.S. Coast Guard personnel give verbal commands in Spanish and English, using the loud hailer, for the operators to stop their vessel. The operators failed to stop and continued navigating towards Puerto Rico. During the pursuit boarding team members also captured videos of the operators at the rear of the vessel operating, as well as photographs.

U.S. Coast Guard personnel eventually gained control of the vessel. Law enforcement identified the operators of the vessel, including the defendant, and subsequently arrested the defendant and his co-defendants.

## APPLICABLE LAW AND POLICY

In the context of the §3553 factors, the First Circuit has stated that these § 3553 factors "invite the district court to consider, broadly, the nature and circumstances of the offense and the history and characteristics of the defendant and the need for the sentence imposed to protect the public from further crimes of the defendant." *United States v. Marsh*, 561 F.3d 81, 87 (1st Cir. 2009) (quoting *United States v. Politano*, 522 F.3d 69, 74

(1st Cir. 2008)). In conducting this analysis, the district court is tasked with "sift[ing] the available information and balanc[ing] the pertinent factors (both mitigating and aggravating)." *United States v. Madera-Ortiz*, 637 F.3d 26, 32 (1st Cir. 2011).

Furthermore, the First Circuit has held that under appropriate circumstances, a defendant's potential deportation may properly be considered as part of a broader assessment of his history and characteristics pursuant to section 3553(a)(1). *United States v. Hercules*, 947 F.3d 3, 9 (1st Cir. 2020). The Court explains that the sentencing court need not always consider a defendant's potential deportation when fashioning an appropriate sentence, but rather it may be relevant in consideration of the sentencing factors such as whether the sentence will adequately "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). The sentencing court has discretion to "custom-tailor an appropriate sentence" using a "flexible, case-by-case approach" with respect to considering a defendant's subsequent deportation. *United States v. Hercules*, 947 F.3d 3, 10 (1st Cir. 2020) (citing *United States v. Flores-Machicote*, 706 F.3d 16, 20–21 (1st Cir. 2013).

## **UNITED STATES' SENTENCING RECOMMENDATION**

The United States hereby informs the Court that is seeks to standby the Plea Agreement and recommend a sentence of time served. Defendant has timely accepted responsibility for his criminal conduct in this case and informed the Court of his desire to plead guilty immediately thereby preserving judicial and prosecutorial resources. Finally, defendant is a non-citizen and accordingly upon completion of his sentence he will be deported back to his country of origin. Deportation proceedings may result in

additional detention while defendant awaits deportation.

Accordingly, based on the above and an examination of the sentencing factors enumerated in 18 U.S.C. § 3553, the Government recommends that the Court sentence the defendant to time served.

**WHEREFORE**, the United States of America recommends that the defendant be sentenced to the time he has already served.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this April 28, 2025.

                                                    W. Stephen Muldrow
                                                    United States Attorney

                                                    */S/ Helena B. Daniel*
                                                    Helena B. Daniel
                                                    USDC # G03909
                                                    Special Assistant United States Attorney
                                                    United States Attorney's Office
                                                    Torre Chardón, Suite 1201
                                                    350 Carlos Chardón Street
                                                    San Juan, Puerto Rico 00918
                                                    Email: helena.daniel@usdoj.gov
                                                    Tel. (787) 282-1932

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/S/ Helena B. Daniel*
Helena B. Daniel
Special Assistant United States Attorney
